DAVID H. TURNER vs. WILLIAM CROSBY ET AL.,
REGISTERS OF VOTERS.

*Elections and Voters—Residence of Voters—Registration.*

The Act of 1896, chap. 202, sec. 23, provides that in determining the
right of a person to be registered as a voter a residence in one
locality shown to have been obtained shall be presumed to continue
until it be affirmatively shown that residence in another locality has
been acquired. *Held,* that where a person acquired a *bona fide* resi-
dence in a certain county, being there registered as a voter, such
residence and right to vote is not lost because his business for some
years requires him to visit other localities and remain there for con-
siderable periods of time, provided such person does not actually
remove to another county with the intention of residing there in-
definitely.

Appeal from an order of the Circuit Court of Anne
Arundel County (REVELL, J.), dismissing the petition of
the appellant, which asked for the passage of an order di-
recting the officers of registration of said county to enter
petitioner's name as a qualified voter on the registration
lists. The petitioner's evidence was to the effect that he
lived, during his childhood, with his parents in Anne Arun-
del County, and was registered as a voter there upon ob-
taining his majority, and had voted there ever since until the
preceding year; that he had never attempted to register or
vote in any other place; that before coming of age he
learned his trade of a builder in Baltimore City; that after
his marriage he boarded, with his wife, in Baltimore City,
and never kept house there or anywhere else; that he had
a shop in Baltimore, but worked also in Washington and
other places; that he is now about thirty-three years old,
and that during the last five or six years he had spent a
month or two of each year at his father's house in Anne
Arundel County, and that he had never intended to change
his permanent residence from Anne Arundel County.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER and BRISCOE, JJ.

*Elihu S. Riley*, for the appellant.

*James M. Munroe*, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The appellant, David H. Turner, applied to the appellees, William Crosby and Lloyd E. Dorsey, registers of voters of the Fourth Election District of Anne Arundel County, at their September sitting, in the year 1896, to be registered as a qualified voter of that district. He was refused registration and thereupon appealed to the Circuit Court for that county. The decision of the officers of registration having been affirmed he has appealed to this Court.

Turner testified that he was born in Baltimore City, but moved with his father to the Fourth Election District of Anne Arundel County when an infant, and was now thirty-three years of age; that he first registered in this district when he was twenty-one, and had voted there ever since, and had never claimed a residence elsewhere. In answer to the question whether he ever tried to register or ever voted in any other place, he stated that " I have not and never desired. I am a builder, and my business, being away from the county, I am so situated that I have to go from one place to another; for instance, if I have a house to build in one place I go to that place to attend to it, and stay wherever it is most convenient; my wife and child have been in the county since the 14th day of May until the first of October; at present I am in Baltimore, and since the 14th of May I have run backwards and forwards to the county every night; I don't think I was away any night; I might have been; I would have come sooner, but my wife has been sick and I could not bring her away; in attending to business we cannot come backward and forward at any time, as the first train leaves Odenton at a quarter of seven, and we ought to be at work in Baltimore at seven

o'clock." He further testified, " that he could not go before a register in Baltimore or any other place and swear that he desired to become a resident of that place or desired to change his residence, for he had no such intention." There was other evidence tending to show that he was absent from the county while learning his trade and while engaged in business at different places, but it was always with an intention to return to Anne Arundel County, where he was residing at the time of his application for registration.

The Court below was asked to rule, as a matter of law, upon the testimony, that the petitioner was entitled to be registered as a voter in the Fourth Election District of Anne Arundel County. The prayer was rejected and from this ruling and the dismissing of the petition by the Court this appeal is taken.

It is quite clear, we think, under the facts of this case, that the appellant was entitled to be registered as a qualified voter, and the Court committed an error in rejecting the petitioner's prayer, which so declared. By secton 23 of the Act of 1896, chapter 202 (the present registration law of this State), it is specially provided, that in determining whether any person is or is not a resident of any voting precinct, it shall be presumed that if a person is shown to have acquired a residence in one locality he retains the same until it is affirmatively shown that he has acquired a residence in another locality, and it shall also be presumed that if a person is shown not to reside at the dwelling given in the entries relating to him on the registration books, he is not a resident of the said precinct, unless it should be affirmatively shown that he is such resident. In this case there is no evidence to show that the appellant had abandoned his residence in Anne Arundel County or had acquired a domicile elsewhere. On the contrary, the affirmative proof is that he retains his home in that county and actually resided there at the time of his application for registration.

It is settled by many cases in this Court that residence is

a question depending upon fact and intention. " The mere intention to acquire a new domicile without the fact of an actual removal avails nothing, neither does the fact of a removal without the intention." Temporary absence with a continuous intention to return, will not deprive one of his residence, though it extends through a series of years. *Cooley Constitutional Limitations,* 600; *Langhammer* v. *Munter,* 80 Md. 525. It was for the reasons we have given that this Court at the October term, 1896, reversed the order appealed from and directed the appellant to be registered as a qualified voter.

> *Order reversed, with costs to be paid by Anne Arundel County, and cause remanded.*

(Decided *per curiam* October 28th, 1896; the aforegoing opinion being filed on February 18th, 1897).