## RICHARD B. B. CHEW, JR., *vs.* GEORGE W. WILSON ET AL. BOARD OF REGISTRY, ETC.

*Registration of Voters—Residence.*

Petitioner's name was struck from the list of voters in a certain district of Prince George's County, and upon his application to be restored the evidence showed that he was born in that district and had resided there continuously until December, 1899, when he began to reside temporarily in Washington City, but intended to return to Prince George's County, and spent two months of the year 1900 there, and had acquired no domicil elsewhere, and that he had voted in that district until October, 1900, when his name was struck off. Code, Art. 33, sec. 23, enacts that if a person is shown to have acquired a residence in one locality it shall be presumed that he retains the same until it is affirmatively shown that he has acquired a residence in another locality. *Held*, that the petitioner is entitled to be restored to the list of qualified voters in the said district.

Appeal from an order of the Circuit Court for Prince George's County, (MERRICK, J.)

The cause was submitted to the Court on brief by *R. B. B. Chew, Jr.*, appellant. No appearance for the appellees.

PEARCE, J., delivered the opinion of the Court.
On the 25th of October, 1900, the appellant, Richard B. B.

Chew, Jr., filed a petition in the Circuit Court for Prince George's County to have his name restored to the list of qualified voters of the third election district of said county, on the ground that his name had been wrongfully stricken from said list by the Board of Registry for said district, and it is from an order of said Court refusing to restore the appellant's name to said lists, and dismissing his petition, that this appeal has been taken.

The only question involved is that of residence, and the only evidence produced was that of the appellant himself. He testified that he was born in the third election district of Prince George's County, and had been a voter there ever since he reached his majority, and that his name was stricken off the registration books on the 16th of that month, October, 1900; that he was married in December, 1899, and resided up to that time with his father in that election district; that he spent the winter of 1899 in Washington City, and the months of May and June, 1900, at his father's house in the same election district, but that he was then temporarily residing in Washington City; that it had always been his intention since his marriage to return to Prince George's County, and that he had tried to buy a house in Hyattsville, in said county, and that his intention was then, and always had been, to buy a home in said county as soon as he could find one to suit; that he never had any intention of surrendering his residence, and intended to remain a citizen of Maryland and of Prince George's County. The Court then asked, "Is it your intention to move back to Marlboro (the third) district?" And he replied, "it is my intention to come back to Maryland." "What is your intention as to coming back to Marlboro district?" To which he replied, "I don't know. I have no objection to coming back to Marlboro district if I can get a home to suit me. I have an interest in a farm here, and I might be induced to come here to live."

The appellant then submitted this prayer. "The appellant prays the Court to rule as matter of law from the evidence in this case that the appellant is entitled to have his petition

granted," but the Court rejected the prayer, to which ruling the appellant excepted.

We think this case comes within the principles applied in *Turner* v. *Crosby*, 85 Md. 178; *Howard* v. *Skinner*, and *Jones* v. *Skinner*, 87 Md. 556 and 560, and that the appellant's prayer should have been granted. The appellant's domicil of origin, by birth, actual residence, and continuous exercise of the elective franchise was in the third election district of Prince George's County, and we said in *Howard* v. *Skinner, supra*, in speaking of a voter, " if he does not by some actual residence, or other means, acquire a domicil elsewhere, he retains his domicil of origin." Whether such other domicil has been acquired, must be determined in every case by its own facts after due consideration of the character and credibility of the testimony produced. Here the testimony is undisputed that the appellant never intended to abandon his residence in Prince George's County, or to acquire one elsewhere, and there is no suggestion, either from his own examination or from any other source, of conduct inconsistent with his testimony. Section 23 of Art. 33 of the Code of Public General Laws provides that " in determining whether a person is, or is not, a resident of any voting precinct, it shall be presumed that if a person is shown to have acquired a residence in one locality, he retains the same until it is affirmatively shown that he has acquired a residence in another locality." In *Jones* v. *Skinner, supra*, it was said that the mere fact that the appellant was improperly and erroneously registered and voted at a prior election in a certain district could not change or determine his residence. That fact would always require the most careful scrutiny and consideration, in determining the question of intention, but is not involved in this case. We cannot perceive that any importance should be attached to the fact that the appellant declined to bind himself to a return to, or to a continued residence in that particular election district. If he retained his legal residence in the county, he was entitled to vote in the district which was his domicil of origin, until he acquired another domicil in another district of that county, or elsewhere.

Being of opinion that the appellant was entitled to be restored to the list of qualified voters of the third election district of Prince George's County, and that the prayer which he offered to that effect should have been granted, the order of Court dismissing his petition will be reversed, and the case remanded, to the end that the appellant's name may be restored to the list of qualified voters of the third election district of Prince George's County.

> *Order reversed and cause remanded,*
> *costs above and below to be paid by*
> *Prince George's County.*

(Decided March 8th, 1901).